UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

STEVEN R. MAES,

    Plaintiff,

v.                                                                                                            Civ. No. 17-429 GJF

KILOLO KIJAKAZI, *Acting Commissioner*
*of the Social Security Administration*,

    Defendant.

## ORDER GRANTING § 406(b) ATTORNEY FEES

THIS MATTER is before the Court on "Plaintiff's Attorney's Motion for Attorney Fees from Past-Due Benefits Pursuant to Federal Rule of Civil Procedure 60(b)(6) and 42 U.S.C. § 406(b)(1)." ECF 23 ("Motion"). The Motion is fully briefed. ECF 24 (response); ECF 25 (reply).[1] For the reasons stated below, the Court will **GRANT** the Motion.

**I.  BACKGROUND**

In April 2017, Plaintiff entered into a written agreement to hire counsel to represent him in a "federal court review of [his] social security disability and/or supplemental security income … case." ECF 23-7 at 1. Plaintiff agreed to pay counsel "25 percent (25%) of past-due benefits awarded" to him, "subject to approval by the Court and/or the" Social Security Administration ("SSA"). *Id.*

In October 2017, this Court granted Defendant's "Unopposed Motion for Remand Pursuant to Sentence Four of 42 U.S.C. § 405(g)" [ECF 18], remanding the matter to the Commissioner "for further administrative proceedings." ECF 19 at 1. In May 2021, an Administrative Law Judge issued a favorable decision, finding that Plaintiff had been disabled since June 29, 2014. ECF 23-

---

[1] In her response, the Commissioner noted that she "takes no position on Plaintiff's motion" and that she "defers to the Court's sound discretion as to the reasonableness of the requested fee award." ECF 24 at 2.

4 at 19. Plaintiff was consequently awarded $61,964.00 in past due benefits. ECF 23-5 at 3. The SSA withheld twenty-five percent of that amount ($15,491.00), "in order to pay the approved representative's fee." *Id.* at 3–4. In September 2021, the SSA authorized counsel to receive $9,902.00, from Plaintiff's past due benefits, for legal services that counsel rendered before the SSA. ECF 23-6 at 1–2.

In the instant Motion, Plaintiff's counsel requests that the Court authorize payment of attorney's fees of $5,491.00, also to be paid from Plaintiff's past due benefits, for counsel's work before this Court on Plaintiff's Social Security appeal. ECF 23 at 1. In support, counsel submitted an affidavit avowing that he has represented over 150 clients in Social Security appeals and has practiced exclusively in the area of Social Security benefits for the past 25 years. ECF 23-1 at 1–2. Plaintiff's counsel asserted that he spent a total of 21.4 hours representing Plaintiff before this Court in this matter, which was necessary "to provide effective representation." *Id.* at 2.

## II. LEGAL STANDARD

"Federal law regulates the fees that attorneys may charge Social Security claimants for representation before [1] the Social Security Administration and [2] a reviewing court." *Culbertson v. Berryhill*, 139 S. Ct. 517, 519 (2019) (citations omitted). Specifically, "[42 U.S.C.] § 406(a) governs fees for representation in administrative proceedings [and] § 406(b) controls fees for representation in court." *Id.* at 520 (quoting *Gisbrecht v. Barnhart*, 535 U.S. 789, 794 (2002)); *see also McGraw v. Barnhart*, 450 F.3d 493, 498 (10th Cir. 2006) (noting that "each authority sets fees for the work done before it; thus, the court does not make fee awards for work at the agency level, and the Commissioner does not make fee awards for work done before the court").

Under 42 U.S.C. § 406(b)(1)(A), "[w]henever a court renders a judgment favorable to a claimant … the court may determine and allow as part of its judgment a reasonable fee" for the

attorney who represented that claimant before the court, provided that the fee is "not in excess of 25 percent of the total of the past-due benefits" resulting from the judgment. § 406(b)(1)(A); *see also Culbertson*, 139 S. Ct. at 523 (holding that "the 25% cap in § 406(b)(1)(A) applies only to fees for court representation, and *not to the aggregate fees awarded* under §§ 406(a) and (b)" (emphasis added)); *Gisbrecht*, 535 U.S. at 807 (observing that "[w]ithin the 25 percent boundary ... the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered").

The Supreme Court has held that "§ 406(b) does not displace contingent-fee agreements," noting that such agreements are "the primary means by which fees are set for successfully representing Social Security benefits claimants in court."  *Gisbrecht*, 535 U.S. at 807.  Instead, "§ 406(b) calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases." *Id.*  And the reasonableness determination is "based on the character of the representation and the results the representative achieved." *Id.* at 808 (citations omitted).  "Counsel bears the burden of demonstrating the reasonableness of the fees." *Martinez v. Kijakazi*, Civ. No. 19-980 SCY, 2021 WL 4478307, at *2 (D.N.M. Sept. 30, 2021) (citing *Gisbrecht*, 535 U.S. at 807). In making such a determination, a court may consider factors such as (1) whether the "representation [was] substandard," (2) whether "the attorney [was] responsible for any delay," and (3) whether "the benefits are large in comparison to the amount of time counsel spent on the case," for example by amounting to a "windfall[] for lawyers." *Gisbrecht*, 535 U.S. at 807 (quotation marks and citations omitted). Because "district courts are accustomed to making reasonableness determinations in a wide variety of contexts, ... their assessments in such matters, in the event of an appeal, ordinarily qualify for highly respectful review." *Id.*

Finally, under a separate statute known as the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, "a successful Social Security benefits claimant[] may be awarded fees payable by the United States if the Government's position in the litigation was not 'substantially justified.'" *Gisbrecht*, 535 U.S. at 796 (quoting 28 U.S.C. § 2412(d)(1)(A)).[2] "Fee awards may be made under both [EAJA and § 406(b)], but the claimant's attorney must refund to the claimant the amount of the smaller fee." *Id.* (quotation marks and citation omitted).

## III. ANALYSIS

In performing its "independent check" of the fee arrangement pursuant to 42 U.S.C. § 406(b), the Court finds that Plaintiff's counsel has "show[n] that the fee sought is reasonable for the services rendered." *Gisbrecht*, 535 U.S. at 807. First, the proposed fee of $5,491.00 is only 8.8% of the total past due benefits amount of $61,964.00, well below the 25% cap, *id.*, and consistent with counsel's representation agreement with Plaintiff, ECF 23-7 at 1. Second, the Court has received no suggestion that counsel's representation was "substandard" or that he was responsible for any unwarranted delay. *Id.* at 808. Third, counsel's hourly rate in this case would amount to $256.59 per hour worked ($5,491.00 / 21.4 hours). ECF 25 at 1. Counsel has represented that his hourly rate in non-Social Security cases is $200.00. ECF 23-1 at 2. Moreover, the Court notes that $256.59 an hour is well within the bounds of rates granted in this District. *See, e.g.*, *Martinez*, 2021 WL 4478307, at *2 ($500.00 an hour); *Martinez v. Kijakazi*, Civ. 18-1196 KBM, 2021 WL 3569111, at *2 (D.N.M. Aug. 11, 2021) ($343.27 an hour); *Hernandez v. Kijakazi*, No. CV 19-806 CG, 2021 WL 3488256, at *2 (D.N.M. Aug. 9, 2021) ($318.73 an hour); *Paulk v.*

---

[2] *See also McGraw*, 450 F.3d at 497 (noting that "EAJA fees and fees available under § 406 are two different kinds of fees that must be separately awarded" and that "[f]ees under § 406(b) satisfy a client's obligation to counsel and, therefore, are paid out of the plaintiff's social security benefits, while fees under the EAJA penalize the [Commissioner] for assuming an unjustified legal position and, accordingly, are paid out of agency funds" (quotation marks and citation omitted) (brackets in original)).

*Kijakazi*, No. 19-CV-0713 SMV, 2021 WL 3421892, at *2–3 (D.N.M. Aug. 5, 2021) ($312.34 an hour). Thus, the Court finds that the "fee sought is reasonable for the services rendered." *Gisbrecht*, 535 U.S. at 807. In short, the Court finds that a $5,491.00 fee for 21.4 hours worked, ECF 25 at 1, is reasonable and not so "large in comparison to the amount time counsel spent on the case [such that] a downward adjustment is … in order." *Gisbrecht*, 535 U.S. at 808.

## IV. CONCLUSION

**IT IS THEREFORE ORDERED** that Plaintiff's Motion is **GRANTED**. Plaintiff's counsel is thus authorized attorney fees under 42 U.S.C. § 406(b) in the amount of $5,491.00, payable to Michael Liebman c/o Michael Liebman Attorney at Law.[3]

**SO ORDERED.**

_____
THE HONORABLE GREGORY J. FOURATT
UNITED STATES MAGISTRATE JUDGE
*Presiding by Consent*

---

[3] In his briefing, Counsel acknowledged that this Court previously award him $4,194.40 under the EAJA. *See* ECFs 22 & 23. As counsel acknowledges, he is required to refund the smaller of the EAJA award or this § 406(b) award to Plaintiff under *Gisbrecht*, 535 U.S. at 796.